IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 25-cv-2205-WJM-STV

DENNIS AROSTEGUI-MALDONADO

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity as warden
of the Aurora Contract Detention Facility, *et al*.

      Respondents.

---

### ORDER GRANTING IN PART PETITIONER'S
### MOTION FOR TEMPORARY RESTRAINING ORDER

---

Before the Court is Petitioner Dennis Arostegui-Maldonado's ("Maldonado") Motion for Temporary Restraining Order ("TRO") (ECF No. 5), which the Court construes as a motion for both a TRO and a Preliminary Injunction ("Construed Motion"). For the reasons set forth below, the Court grants that portion of the Construed Motion seeking a TRO preventing Maldonado's removal outside of the District of Colorado, and the Court expressly reserves ruling as to the remainder of the relief requested in the Construed Motion.

Maldonado has filed a Verified Petition for Writ of Habeas Corpus ("Petition") invoking this Court's authority to hear habeas claims by noncitizens challenging the lawfulness or constitutionality of their civil immigration detention under 28 U.S.C. § 2241. (ECF No. 1 at ¶ 8.) The Petition alleges that Maldonado is a dual citizen of Costa Rica and El Salvador who, by a May 28, 2025 Order of the Aurora, Colorado Immigration Court (the "Order"), was granted relief from removal to both of those

countries pursuant to the Convention Against Torture ("CAT").  (*Id.* at ¶ 1.)  Following an appeal by the Department of Homeland Security ("DHS"), the Order is currently pending before the Board of Immigration Appeals ("BIA").  (*Id.*)  The Petition alleges that Maldonado has been consecutively detained at the Aurora Contract Detention Facility ("Aurora Facility") for seven months.  (*Id.* at ¶ 2.)  Maldonado challenges the constitutionality of his continued detention under 8 U.S.C. § 1231(a)(6) and the Fifth Amendment's Due Process Clause.  (*See generally* ECF No. 1.)

In the Construed Motion, Maldonado's counsel represents that they learned in the late morning of July 18, 2025 that Immigration and Customs Enforcement ("ICE") intended to transfer Maldonado out of the Aurora Facility.  (ECF No. 5 at 3.)  Counsel states that, after Maldonado promptly filed the Petition, Respondents indicated via e-mail they would not transfer Maldonado but did not "provide any assurance that he will *never* be transferred."  (*Id.* (emphasis in original).)  When Maldonado's counsel was finally able to reach him on the evening of July 18, Maldonado informed his counsel "that ICE had intended to transfer him but halted the process" as of that time.  (*Id.*)

A court presented with a request for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65 is authorized to issue a TRO to avoid "immediate and irreparable injury."  Fed. R. Civ. P. 65(b)(1)(A).  The purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing, and no longer."  *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).  It is infrequently issued when the opposing party has actual notice of the

2

motion. *See* 11A Charles Alan Wright *et al*., Federal Practice & Procedure § 2951 (3d ed., Apr. 2016 update) (TRO "may be issued with or without notice to the adverse party"). However, given the need for a harm so urgent and irreparable that a decision must be made before a hearing can be held, the primary purpose of the TRO is to grant short-term *ex parte* relief. *See* Fed. R. Civ. P. 65(b) (describing prerequisites of *ex parte* TRO).

In addition, the All Writs Act, 28 U.S.C. § 1651(a), empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The Supreme Court has recognized "a limited judicial power to preserve the court's jurisdiction or maintain the *status quo* by injunction pending review of an agency's action through the prescribed statutory channel." *F.T.C. v. Dean Foods Co.,* 384 U.S. 597, 604 (1966) (citation omitted).

Notwithstanding that it appears ICE has, for the time being, suspended its efforts to transfer Maldonado, the Court is troubled by the unknown question as to *where* ICE was intending to transfer Maldonado and whether transfer to such location might deprive it of jurisdiction over the Petitioner. In light of this uncertainty, the Court determines it is necessary to enjoin Maldonado's transfer out of the District of Colorado until such time as the Court can hold a hearing on the Construed Motion and achieve the ends of justice entrusted to this Court.

The Court emphasizes that there appears at this time to be no prejudice to the government by temporarily maintaining the status quo. *Cf. Batooie v. Ceja,* 2025 WL 1836695, at *2 (D. Colo. July 3, 2025) (enjoining Petitioner's removal from the District of

Colorado pursuant to Rule 65(b) and All Writs Act); *Vizguerra-Ramirez v. Choate et al.,* Civil Case No. 1:25-cv-881-NYW (D. Colo. Mar. 21, 2025) [ECF No. 11] (ordering that Petitioner shall not be removed during pending of habeas action pursuant to Court's authority under All Writs Act); *Parra v. Castro,* 765 F. Supp. 3d 1241, 1244 (D.N.M. Feb. 9, 2025) (in action challenging Petitioners' continued detention, temporarily restraining Respondents from transferring Petitioners in accordance with court's authority under All Writs Act).

Accordingly, pursuant to the All Writs Act and Fed. R. Civ. P. 65(b), and for the reasons set forth above, the Court ORDERS as follows:

1. Petitioner's Construed Motion (ECF No. 5) is GRANTED IN PART;

2. Specifically, that portion of Petitioner's Construed Motion which seeks a TRO prohibiting Maldonado's removal from the United States or his transfer out of the District of Colorado is GRANTED;

3. Respondents, as well as their officers, directors, agents, employees, successors and assigns, and all other persons in active concert or participation with them, are hereby **ORDERED AND RESTRAINED** from removing Maldonado from the United States or transferring him outside of the District of Colorado;

4. This Temporary Restraining Order shall remain in effect until **11:59 p.m. on August 4, 2025**, unless extended by the Court for good cause;

5. All other requests for relief set forth in Petitioner's Construed Motion (ECF No. 5) remain under advisement;

6. Respondents shall file a response to that portion of Petitioner's Construed Motion

ruled on by this Order by no later than **July 25, 2025**, and Petitioner shall file a reply in support of such portion of his Construed Motion by no later than **12:00 noon on July 30, 2025**;

7. Finally, the Court **HEREBY SETS** an evidentiary hearing on that portion of the Construed Motion which seeks a Preliminary Injunction enjoining the removal of Maldonado from the United States, or his transfer to a location outside of the District of Colorado, during the pendency of this action for **August 1, 2025 at 9:00 a.m.** in Courtroom A801; and

8. The Court will use the following procedure at the evidentiary hearing: Counsel will have no more than ten minutes each for opening statements. After the parties have presented their evidence counsel will have up to ten minutes for closing statements. The Court expects to issue an abbreviated oral ruling prior to the conclusion of the hearing, to be followed by a prompt written order detailing the Court's findings and conclusions in support of its decision. The parties shall familiarize themselves with the undersigned's Revised Practice Standards with regard to evidentiary hearings, and with particular emphasis on WJM Revised Practice Standard V.F.1, which requires the parties to meet and confer regarding the proposed exhibits and, to the maximum extent possible, stipulate to the authenticity and admissibility thereof. The parties are also encouraged to consult the "Morning-of-Trial Deliverables" portion of the undersigned's Trial Preparation Conference & Pretrial Checklist, available <a href="http://www.cod.uscourts.gov/Portals/0/Documents/Judges/WJM/WJM_TPC

_PretrialChecklist.pdf">here</a>.

**Dated this 21st day of July, 2025, at 5:35 p.m., Mountain Daylight Time**.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge